UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BARKOVIC,

      Plaintiff,                             Civil Action No. 10-CV-10962

vs.                                     HON. BERNARD A. FRIEDMAN

TOWNSHIP OF SHELBY, et al.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANT HOGAN'S MOTION TO FILE AMENDED RESPONSIVE PLEADINGS INCLUDING VERIFIED COUNTERCLAIM

This matter is presently before the court on the motion of defendant Terrance Hogan for leave to file amended responsive pleadings including a verified counterclaim [docket entry 15]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the court shall decide this motion without oral argument.

This is a police misconduct action. Plaintiff alleges that on March 10, 2009, he was involved in a physical altercation at a state district courthouse with defendant Hogan, a Shelby Township police officer. According to plaintiff, Hogan "grabbed the plaintiff and slammed him into a door frame, assaulting and seriously injuring the plaintiff." Compl. ¶ 8. Plaintiff also alleges that false criminal charges were brought against him for assault and battery. *See id.* ¶¶ 33, 38. Plaintiff asserts claims against Hogan, other unnamed officers, Shelby Township, Macomb County and the Macomb County Sheriff for assault, battery, deprivation of constitutional rights, abuse of process, malicious prosecution, and defamation.

Hogan and Shelby Township jointly responded to the complaint on March 30, 2010, by filing an answer and affirmative defenses [docket entry 9]. On April 23, 2010, new counsel

entered an appearance separately for Hogan and, simultaneously, filed the instant motion [docket entries 14, 15]. The motion seeks leave to file a counterclaim that asserts state-law claims against plaintiff for assault and battery arising from the March 10, 2009, incident.

In opposing the motion plaintiff argues that the motion is late, that the proposed amendment would be "confusing and difficult for a jury to resolve" as it "has different standards," that defendant should pursue his counterclaim separately in state court, and that subject matter jurisdiction is lacking.

Under Fed. R. Civ. P. 15(a)(2), amendments to pleadings before trial are permitted by consent or by leave of court, and "[t]he court should freely give leave when justice so requires. The Supreme Court held in *Foman v. Davis*, 371 U.S. 178, 182 (1962), that leave to amend should be granted "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." The Sixth Circuit has adopted a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Shell v. Marks*, 830 F.2d 68, 69 (6th Cir. 1987).

In the present case, all of plaintiff's reasons for opposing the requested amendment are frivolous. First, there was no "undue delay" in filing the motion. Hogan was served with process on March 16, 2010. He answered on March 30, 2010. New counsel entered an appearance for Hogan and filed the instant motion on April 23, 2010. No legitimate argument can be made that Hogan's motion is "belated" or that he has waived his right to the requested relief. *See* Pl.'s Answer in Opp. ¶¶ 3, 4.

Second, it is absurd for plaintiff to suggest that Hogan's assault and battery claims will confuse the jury because they "sound[] only in state law, which has different standards, . . ." Pl.'s Br. first paragraph. The court directs plaintiff's attention to Count I of his complaint, where he asserts a state-law claim for "assault and battery." If the jury is not confused by plaintiff's claim, it will not be confused by the counterclaim.

Third, the availability of another forum for Hogan's counterclaim is irrelevant. The relevant factors in deciding a motion for leave to amend were identified in *Foman*.

Finally, plaintiff's jurisdictional challenge is misguided. Under 28 U.S.C. § 1367(a), the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy . . . ." Therefore, "if a federal court has jurisdiction over plaintiff's claim, it also will have jurisdiction over a counterclaim that arises from the same transaction or occurrence." 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1414, pp. 102-103 (1990 & 2009 Supp.). This test is obviously met in the present case, as Hogan's counterclaim and plaintiff's complaint arise from the identical incident. Accordingly,

IT IS ORDERED that defendant Hogan's motion for leave to file amended responsive pleadings including a verified counterclaim is granted. Hogan may file his proposed counterclaim within ten (10) days of the date of this order.

DATED: May 7, 2010                    s/Bernard A. Friedman_____
                                      BERNARD A. FRIEDMAN
                                      UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 7, 2010.

s/Deborah J. Goltz

DEBORAH J. GOLTZ
Case Manager